**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUN SUG CHA,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>1199SEIU Health Care Employees<br>Pension Fund,<br><br>             Defendant-Appellee. | No. 15-55435<br><br>D.C. No. 2:12-cv-10151-SJO-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Eun Sug Cha appeals pro se from the district court's judgment in his action

under the Employee Retirement Income Security Act of 1974 ("ERISA") for

disability pension benefits.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for clear error a district court's findings of fact, including those underlying the district court's choice of the applicable standard of review in an ERISA case. Fed. R. Civ. P. 52(a)(6); *Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1168 (9th Cir. 2015). We review de novo a district court's conclusions of law. *Arnold v. Arrow Transp. Co. of Del.*, 926 F.2d 782, 785 (9th Cir. 1991). Where an ERISA-governed plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we review for an abuse of discretion the administrator's interpretation of the plan, and de novo the district court's application of this standard. *Tapley v. Locals 302 & 612 of the Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013). We affirm.

The district properly reviewed the Board of Trustees' and its Retirement Committee's (collectively "Plan Administrator") decision for an abuse of discretion because the plan terms unambiguously granted discretionary authority to the Plan Administrator. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006); *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159, 1161 (9th Cir. 2001) (plan language providing for "full, final, conclusive and binding power" of administrator to construe and interpret the plan confers discretion).

The district court properly concluded that the Plan Administrator's denial of benefits was based upon a reasonable interpretation of the plan's eligibility criteria and that the Plan Administrator did not abuse its discretion by denying Cha's claim. *See McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000).

The district court properly denied Cha's request for a jury trial because there is no constitutional or statutory right to a jury trial in an ERISA action. *See Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991, 995-97 (9th Cir. 2000) (setting forth standard of review). The district court did not abuse its discretion by conducting a bench trial on the administrative record and by denying Cha's request for oral argument. *See Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1216 (9th Cir. 2007) (setting forth standard of review for a district court's decision to admit or exclude evidence that was not before the plan administrator); *Abatie*, 458 F.3d at 970 ("[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion . . . ."); *Mahon v. Credit Bureau of Placer Cty., Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (setting forth standard of review for a district court's decision not to hear oral argument and requiring a showing of prejudice where a party waives oral argument by not requesting it).

**AFFIRMED.**

15-55435